(28 App. Div. 464.)

## In re ODELL.

(Supreme Court, Appellate Division, Second Department. April 19, 1898.)

CITY RECORDER—MALFEASANCE IN OFFICE—REMOVAL.

In a proceeding to secure the removal of the incumbent from the office of recorder of a city, it appeared that during the years 1895 and 1896 he received various fines, amounting to considerable sums, and only paid over a small part thereof to the proper officers, as required by law, until after the proceeding was instituted; that he appropriated the sums thus retained to his own use; that, when inquiries concerning the matter had been made by the proper officials, he had denied that there was anything payable; and that, upon a prior investigation before the common council, he had given an account of his method of handling and accounting for fines, which subsequently he admitted to be entirely false. Held, on the evidence, that he was guilty of malfeasance and corruption in office as charged, and must be removed.

Casper L. Odell, recorder of the city of Poughkeepsie, was charged with malfeasance and corruption in office by direction of the common council of the city. Judgment of removal from office.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

J. L. Williams, City Atty., in support of charges.

Charles Morchauser and Frank B. Lown, for respondent Odell.

PER CURIAM. This proceeding is now before us on the testimony taken before Robert F. Wilkinson, referee, and his report upon the same. The only charges against the respondent pressed before the referee or on this hearing are such as relate to his alleged appropriation of moneys received by him from fines imposed upon offenders. Under sections 135 and 176 of the charter of the city of Poughkeepsie (chapter 425, Laws 1896), it was the duty of the respondent to pay over all fines imposed and collected by him, excepting for the violation of the excise laws and drunkenness, to the chamberlain of the city, once in each month, and to pay over all fines imposed and collected by him for the violation of the excise laws and for drunkenness, to the almshouse commissioners of the city. As to the latter fines, no time of payment is prescribed by the statute. It is therefore properly held by the referee that it was the defendant's duty to pay over such fines within a reasonable time. There is really no dispute as to the facts relating to these charges. It was found by the referee, and admitted by the respondent on the witness stand, that the respondent collected from fines imposed by him as recorder, which were payable to the chamberlain of the city, during the year 1895, $168, and in 1896, $20, making a total of $188. The respondent paid the chamberlain, in 1895, $125. After the institution of these proceedings for his removal, in the year 1897, he paid the chamberlain the balance due, the sum of $63. In 1895 the respondent collected fines, the proceeds of which were payable to the almshouse commissioners, amounting to $314, of which sum he paid said commissioners in said year the sum of $90, leaving due from him $224. In the year 1896 he collected fines of the same character, amounting to $220, making a total due from him, and unaccounted for, of $444. No payments on account of these collections were made by the respondent until after an investigation of his conduct by the common council. Since that time, at various dates between February 1, 1897, and March 10th, of the same year, he paid in all $429, leaving him still in debt in the sum of $15. The respondent testifies that, when he received these moneys, it was not his intention to embezzle or convert them. This may be conceded; but, nevertheless, it appears by his own admission that after their receipt he did appropriate them to his own use. Nor could this have happened from mere oversight or negligence. During the whole year 1896 he did not pay a dollar of the fines collected by him to either the chamberlain or almshouse commissioners. Early in that year his attention was called to the subject by Mr. Schou, president of the board of commissioners of the almshouse, when the respondent denied having any sum in his possession payable to the board in excess of $25; and, despite of this claim by the commissioners of the almshouse, he not only failed to pay over what was then due, but he persisted in appropriating all the fines he collected during that year. On the 30th of January, 1897, the city attorney transmitted to the respondent a letter from the almshouse commissioners complaining that they had received nothing from the respondent since May 6, 1895, with the exception of $3. To this

the respondent answered, on February 1st, that the almshouse was not entitled to any further funds from him, but that payments would be made to the commissioners when received. That this answer was false, and known by him to be false when written, the respondent concedes. His excuse for it is the perturbed condition of his mind upon being confronted with the charges made against him. At the investigation before the common council, in February, 1897, the respondent was heard, and stated (whether under oath or not is not entirely clear from the record) that all the fines, as he had received them, he had placed in envelopes, and marked the name, date, and amount of the fines on the envelopes, taken them to his office, put them in a drawer; that when he made the payments, he would go to the drawer, take the money out of the envelopes, and pay it over; that he had never used any of the sums; and that, if any of the fines had not been paid over by him, it was because the envelopes had been lost or abstracted from the drawer without his knowledge. On the hearing before the referee, the respondent conceded that this statement made by him before the common council was wholly false; that, as matter of fact, he had no such system, but took the moneys and appropriated them to his own use. On these facts and the defendant's admissions, it is impossible that even the greatest stretch of charity can exculpate him. That he may have intended in the future to repay to the proper officers the public moneys which he had appropriated may possible be; but, as it is no defense to a clerk who appropriates his employer's funds that he intended subsequently to repay them, we cannot see that a similar intention on the part of the respondent in any way relieves him from the charge of wrongdoing. It would be a reproach to the administration of justice that the respondent, with such a record of confessed guilt, should continue to preside at the trial of offenders, and impose punishment.

The respondent should be removed from his office as recorder of the city of Poughkeepsie.